UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**TYRICE C. ADAMS**                                                                                               **PLAINTIFF**

**v.**                                                                                              **CIVIL ACTION NO. 3:16-CV-P90-CRS**

**OFFICER BRANDON JONES** *et al.*                                                                    **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a civil rights action brought by *pro se* Plaintiff Tyrice C. Adams pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

### I.  SUMMARY OF COMPLAINT

Plaintiff has filed a complaint, a "brief" or amended complaint (DN 6), and two documents which the Court construes as motions for leave to file an amended complaint (DNs 8 & 9).

In Plaintiff's complaint and amended complaint, he names the following as Defendants: the Radcliff (Kentucky) Police Department (RPD), four RPD officers – Brandon Jones, Sawyer Bruce, Clennon Smith, and J. Davis. He also names Eric A. Bates, his "defense lawyer," as a Defendant. Plaintiff sues all five individual Defendants in their official and individual capacities.

Plaintiff indicates that he is a pretrial detainee and submits documents showing that he has been charged in Hardin County Circuit Court with fleeing or evading police, operating a motor vehicle under the influence, wanton endangerment, and "no/expired registration."

Plaintiff first alleges that "officers" used "excessive force" in his arrest.

Plaintiff next alleges that Defendant Officer Jones "gave false testimony as to the submission of my alcohol and drug screen on record."

Plaintiff also states he is claiming police "abuse, oppression, and malicious prosecution of [his] person on the behalf of the Commonwealth."

Plaintiff next states that he is adding Defendant Bates, his defense attorney, to this action because he "is/was ineffective assistance of counsel." He alleges that Defendant Bates failed to file several documents with the Hardin County Circuit Court which Plaintiff requested that he file and that, as a result, Plaintiff's bond was increased and he has been classified "as a high risk factor."

Plaintiff titles his amended complaint (DN 6) a "brief" and indicates that it contains "exculpatory evidence supporting the occurance of the fleeing or evading charge and wanton endangerment in the first degree." This "brief" contains arguments relating to various recalls that have been made on the vehicle Plaintiff was apparently driving when he was arrested and how these recalls affected his driving at the time of his arrest. Plaintiff attaches to this brief a motion he apparently submitted in his criminal case in which he asks for the suppression of evidence and the amendment "of any charge that do not warrant a felony conviction to its proper jurisdiction."

As relief, Plaintiff seeks $10,000,000.00 in monetary damages and $10,000,000.00 in punitive damages. He also seeks injunctive relief in the form of dismissal of his wanton endangerment charge and amendment of his fleeing and evading charge. In the relief section titled "other," he writes: "back, attend and support Olu Stevenson, Christopher 2X, and Persy Miller."

2

## II. LEGAL STANDARD

Because Plaintiff is an inmate seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979),

or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. 42 U.S.C. § 1983 CLAIMS

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### 1. Excessive Force

In his complaint, Plaintiff states: "Officers used excessive force in course of arrest." The only other reference Plaintiff seems to make to this claim is in his "brief." In that document, Plaintiff sets forth his allegations related to the circumstances surrounding his arrest. In describing what happened after he wrecked his car, he states that he collapsed and "fell face first sliding across the gravel . . . [and] awake in handcuffs shortly after that the assault took place."

A claim for use of excessive force effectuated upon arrest is analyzed under the Fourth Amendment. *Graham v. Connor*, 490 U.S. 386, 394 (1989). The proper application of this standard "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396; *see also Baker v. City of Hamilton, Ohio*, 471 F.3d 601, 606 (6th Cir. 2006).

Here, the Court finds that Plaintiff's allegation that he was "assaulted" by officers during his arrest is conclusory and does not describe with reasonable particularity the specific incident of alleged force or his resulting injuries. Plaintiff also fails to link the incident of excessive force with any particular Defendant. Thus, the Court will dismiss Plaintiff's excessive force claim. *See e.g.*, *Gonzales v. Bobal,* No. 13-1148, 2015 U.S. Dist. LEXIS 40184, at *8-9 (D.N.J. Mar. 30, 2015) (dismissing excessive force claim because Plaintiff provided "virtually no facts to suggest that the use of force was unreasonable and thus excessive"); *Stuart v. Steer*, No. CIV-10-1026-R, 2011 U.S. Dist. LEXIS 67493, at *3 (W.D. Okla. June 22, 2011) ("From the Court's perspective, [plaintiff's] allegations are not sufficient to satisfy the subjective prong of an excessive force claim, because Plaintiff has made only a conclusory allegation that unnecessary and excessive force was used against him, without describing the alleged force." ).

**2. False Testimony**

Plaintiff next alleges that Defendant Officer Jones "gave false testimony as to the submission of my alcohol and drug screen on record." However, a trial witness, including a police officer, sued under § 1983 has absolute immunity with respect to any claim based on the witness's testimony. *Briscoe v. LaHue*, 460 U.S. 325, 326 (1983). Without this rule, witnesses

would be reluctant to testify and might be inclined to "shade [their] testimony in favor of the potential plaintiff [for] fear of subsequent liability." *Id.* at 332-33. The *Briscoe* rule applies both at the trial and pre-trial stages of litigation. *See Rehberg v. Paulk*, 132 S.Ct. 1497, 1505 (2012) (grand jury proceedings). As such, the Court will dismiss Plaintiff's claim against Defendant Jones for providing false testimony.

### 3. Malicious Prosecution

Plaintiff also claims "abuse, oppression, and malicious prosecution of [his] person on the behalf of the Commonwealth."

Plaintiff filed this action as a pretrial detainee. However, Plaintiff can only maintain a claim for damages based on malicious prosecution if he has been exonerated of the charges against him. In *Heck v. Humphrey*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

512 U.S. 477, 486-87 (1994). *See also Schilling v. White*, 58 F.3d 1081, 1086 (6th Cir. 1995). A plaintiff has no cause of action under § 1983 if the claims in that action hinge on factual proof that would call into question the validity of a state court order directing his confinement unless and until any prosecution is terminated in his favor, his conviction is set aside, or the

confinement is declared illegal. *Heck*, 512 U.S. at 481-82; *Schilling*, 58 F.3d at 1086. *See also Rembert v. Fishburn*, No. 3:15-cv-0949, 2015 U.S. Dist. LEXIS 136839 (M.D. Tenn. Oct. 6, 2015) (dismissing malicious prosecution claim as premature because plaintiff did not allege "that underlying criminal prosecution against him has terminated at all, much less in his favor" and noting that Plaintiff could reassert such claims if he is eventually exonerated on the pending charges); *Ross v. Gerbitz*, No. 1:10-cv-57, 2010 U.S. Dist. LEXIS 49763 (E.D. Tenn. May 20, 2010) (dismissing malicious prosecution claim as barred by *Heck*).

In addition to damages, it appears that Plaintiff seeks to have his charges either "dismissed or amended down." However, this Court cannot order that Plaintiff's state criminal charges be dismissed or otherwise interfere in those proceedings. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that:

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the

7

threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. Irreparable injury may be found only where the statute under which the Plaintiff is charged is "flagrantly and patently violative of express constitutional prohibitions, or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief." *Mitchum v. Foster*, 407 U.S. 225, 231 (1972). In this case, Plaintiff does not allege any unusual or extraordinary circumstances that cannot be addressed through his defense in the criminal proceeding.

For these reasons, the Court will dismiss Plaintiff's claim for malicious prosecution.

**4. Ineffective Assistance of Counsel**

Plaintiff also states that he would like to bring an ineffective assistance of counsel claim against his "defense attorney," Defendant Bates. He alleges that Defendant Bates failed to file several documents with the Hardin County Circuit Court which Plaintiff requested that he file and that, as a result, Plaintiff's bond was increased and he has been classified "as a high risk factor."

However, courts have uniformly held that an attorney, whether appointed or retained, whether in state court or federal court, is not acting under color of law under § 1983. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (federal defender did not act under color of law); *White v. Robertson-Deming,* No. 00-2201, 9 F. App'x 418, 419 (6th Cir. May 16, 2001) (noting court-appointed defense counsel is not a state actor for purpose of § 1983); *James v. Mann*, 234 F.3d 1268 (6th Cir. 2000) (concluding retained attorney is not a person acting under color of state law and, thus is not subject to § 1983 suit); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968) (a private attorney does not act under color of state law despite the fact that he has been appointed by the court).

8

Thus, the Court concludes that, whether Defendant Bates was appointed or retained, Plaintiff fails to state a claim against him under § 1983. If Plaintiff believes that he was unconstitutionally convicted as the result of ineffective assistance of counsel, he may raise this issue in a state court proceeding or on petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**B. First Motion for Leave to File an Amended Complaint**

In this document (DN 8), Plaintiff seems to indicate that he would like to bring a claim against Defendants under 42 U.S.C. § 1985 for conspiracy. He states that he is alleging that the Defendants:

> conspired together for the purpose of depriving, directly or indirectly, a person or class of persons of equal protection of the law and committed an act in furtherance of the conspiracy which caused injury to person or property, or a deprivation of any right or privilege of a citizen of the United States, and that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus.

In support of this claim, Plaintiff specifically states that neither the prosecution nor his defense counsel presented the evidence that he requested. He also states that the judge denied "a motion for funds to inspect evidence" filed by his public defender. Finally, he states that he fired his public defender (not Defendant Bates) and that the judge reassigned the same public defender to Plaintiff's case.

The Court finds these allegations insufficient to support a claim of conspiracy. *See Alioto v. City of Shively, Ky.*, 835 F.2d 1173, 1174 (6th Cir. 1987).[1] These facts simply do not show a meeting of the minds between the Defendant officers, Defendant Bates, Plaintiff's public defender, or any prosecutor or judge. Plaintiff likewise fails to identify any act or omission by

---

[1] The Court does note that Plaintiff's defense counsel, Defendant Bates, could be considered a state actor if Plaintiff had adequately pled that he engaged in a conspiracy with state officials to deprive Plaintiff of his rights. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Polk Cty. v. Dodson*, 454 U.S. at 318-19.

9

any Defendant taken in concert with a prosecutor or judge that was motivated by racial or other class-based animus.

Thus, because the Court finds Plaintiff's amended complaint fails to state a claim upon which relief may be granted, it will deny Plaintiff's motion for leave to amend as futile.[2]

### C. Second Motion for Leave to File an Amended Complaint

In this document (DN 9), Plaintiff indicates that he would like to bring criminal charges against "Hardin County Prosecutor (McCreary) and the Hardin County Judiciary/Judge Ken Howard for misconduct – violation of due process rights – Constitutional Amendments and Civil Rights, fraud and perjury in connection with [his] criminal case."

However, as a private citizen, Plaintiff cannot initiate criminal charges against anyone. "It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *see also Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch.").

Because the Court finds Plaintiff's amended complaint fails to state a claim upon which relief may be granted, it will deny Plaintiff's motion for leave to amend as futile.

---

[2] Despite the general rule of liberality with which leave to file amended complaints is to be granted under Fed.R.Civ.P. 15, when a proposed amended complaint would not survive a motion to dismiss, the court may properly deny the amendment as futile. *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980); *Thiokol Corp. v. Dep't of Treasury*, 987 F.2d 376 (6th Cir. 1993).

## V. CONCLUSION

Accordingly**, IT IS HEREBY ORDERED** that Plaintiff's motions for leave to file an amended complaint (DNs 8 & 9) are **DENIED**.

For the foregoing reasons, Plaintiff's 42 U.S.C. § 1983 claims will be dismissed by separate Order pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date: August 8, 2016

**Charles R. Simpson III, Senior Judge
United States District Court**

cc: Plaintiff, *pro se*
    Defendants
    Radcliff City Attorney
    Hardin County Attorney
4411.011